UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                        :
GEORGE LAWLOR,                                          :
                                                        :
                              Petitioner,               :    **MEMORANDUM DECISION**
                                                        :    **AND ORDER**
          - against -                                   :
                                                        :    19-cv-4145 (BMC)
MERRILL LYNCH, PIERCE, FENNER &                         :
SMITH, INC.,                                            :
                                                        :
                              Respondent.               :
                                                        :
----------------------------------------------------------------- X

Petitioner seeks to vacate or modify an arbitration award. Because there is no valid basis for relief, the petition is denied.

## BACKGROUND

Petitioner filed a claim for arbitration against his former employer, Merrill, pursuant to a binding arbitration agreement that required all disputes between the two to be resolved by FINRA. The claim involved conduct alleged to have occurred more than six years prior to filing. About two weeks after petitioner filed his claim with FINRA, Merrill sued petitioner (and several other similarly situated former employees) in the Southern District of New York to challenge the arbitrability of their claims. See Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Hemel *et al.*, No. 17-cv-08689 (S.D.N.Y.). The Southern District denied Merrill's motion for a preliminary injunction to enjoin the arbitrations, and Merrill thereupon voluntarily dismissed the Southern District action.

Meanwhile, in parallel cases brought within the Third and Eleventh Circuits, Merrill reached a partial settlement agreement with other former employees. That settlement allowed all similarly situated employee-claimants to pursue costs and fees incurred in federal court actions

brought by Merrill to enjoin arbitration. Merrill could still object to and defend against these claims on the merits, but could not assert waiver arguments, i.e., that the claimants had waived the claims by not pressing them in the district court. It is undisputed that this settlement agreement applied to our petitioner, who, soon after its execution, filed an amended statement of claim with FINRA. The amended statement added claims for attorneys' fees and costs incurred in the Southern District action, and punitive damages for Merrill's having brought that action.

Merrill then filed a motion with the arbitration panel to dismiss petitioner's claims pursuant to FINRA Rule 12206, a rule barring claims "where six years have elapsed from the occurrence or event giving rise to the claim." The panel held a hearing on the motion during which the parties presented evidence regarding both the original claims and also the claims added as a result of the Southern District action. As to the latter, petitioner submitted PowerPoint slides entitled "Merrill Lynch's Frivolous Tactics to Stop Lawlor and Related FINRA Cases," "Lawlor Claims Filed in 2017 Are Within Six Year Eligibility Period" (points 8, 9, and 10), "Written Agreement," "George Lawlor's Damages" (point 5), and "Respondent Improperly Seeks Relief with 'Unclean Hands.'" Each of these slides addressed, in whole or in part, petitioner's claims for attorneys' fees, costs, and punitive damages arising out of the Southern District action.

Petitioner also submitted as evidence three prior arbitral awards in related cases, all of which discussed, in part, claims against Merrill for pursuing allegedly frivolous federal court litigation. Notably, each of these awards was made in the context of ruling on FINRA Rule 12206 motions.

In Merrill's post-hearing reply in support of the motion, it acknowledged that the panel retained authority over petitioner's claims for attorneys' fees even if the time-barred claims were

dismissed. Yet when the FINRA arbitration panel dismissed petitioner's original claims under Rule 12206, it also dismissed "[a]ny and all claims for relief not specifically addressed herein[,]" implicitly including the claims for attorneys' fees, costs, and punitive damages related to the Southern District action.

Petitioner assigns as error the panel's dismissal of the claims that accrued during the federal court litigation because they were not "claims that accrued more than six years prior to the initiation of FINRA arbitration" and because he says those claims were "not submitted to the Panel." Petitioner further argues that, in any event, the panel "further exceeded its authority by dismissing [the new claims] pursuant to Rule 12206 without providing a written explanation."

**DISCUSSION**

As a general matter, a "court will set [an arbitral] decision aside only in very unusual circumstances." See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995). However, a district court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Moreover, "where a reviewing court is inclined to find that arbitrators manifestly disregarded the law or the evidence and that an explanation, if given, would have strained credulity, the absence of explanation may reinforce the reviewing court's confidence that the arbitrators engaged in manifest disregard." Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 204 (2d Cir. 1998).

A court may also take a less drastic measure and instead modify or correct an arbitration award where, *inter alia*, "the arbitrators have awarded upon a matter not submitted to them." 9 U.S.C. § 11(b). A matter is considered "submitted" where it was "placed before [the arbitrator] for adjudication under circumstances which afforded the parties adequate notice." Sociedad

3

Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S. Co., 184 F. Supp. 738, 742 (S.D.N.Y. 1960); see El Navigators, Inc. v. Cargill, Inc., 218 F. Supp. 232, 234-35 (S.D.N.Y. 1963) ("Because the construction of the term 'tendered' was included within the broad issue submitted, and because both parties offered evidence before the arbitrators as to the interpretation of the contract with regard to freight rates, I conclude that the issue actually decided was the matter submitted to the arbitrators, 'i.e., placed before them for adjudication under circumstances which afforded the parties adequate notice.'"). The party seeking to modify an arbitral award on this ground has "the burden of showing that the arbitrators exceeded their powers." See Am. Almond Prods. Co. v. Consolidated Pecan Sales Co., 144 F.2d 448, 450-51 ("[I]t was not [improper] to settle a controversy meant to be finally disposed of, by the only means open to the arbitrators, as the case stood").

Furthermore, just because a matter is submitted does not mean that an arbitrator is required to write an opinion in support of its decision, let alone for every aspect of that decision. See Halligan, 148 F.3d at 204 ("We want to make clear that we are not holding that arbitrators should write opinions in every case or even in most cases."). And where an arbitrator *does* write an opinion, a "mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960).

Nevertheless, FINRA Rule 12206(b)(5) provides that "[i]f the panel grants a motion under this rule (in whole or part), the decision must be unanimous, and must be accompanied by a written explanation." Additionally, if the parties jointly request, at least 20 days before the first scheduled hearing date, that their arbitrators provide an "explained decision," the arbitrators shall

4

provide "a fact-based award stating the general reasons for the arbitrators' decision."[1]  See FINRA Notice 09-16.  Such an "explained decision" should address all the claims asserted by the parties.  Id.

In this case, there is no reason that the Court should either vacate or modify the FINRA panel's award dismissing not just the time-barred claims but also those for attorneys' fees.

As an initial matter, the Court finds that this is not a situation in which the arbitrators "exceeded their powers" by deciding the issue of attorneys' fees.  It is a canon of arbitration that "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration."  AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648-49 (1986).  Here, the parties agreed in 2010 that "*all* controversies that may arise between us shall be determined by arbitration" (emphasis added).  Because petitioner's amended statement of claim included claims for attorneys' fees and damages arising out of the federal court litigation, there can be no doubt that this was a controversy to be determined by arbitration under the agreement.  Thus, vacatur is not appropriate.

The Court also declines to modify the award on the basis that it encompassed a "matter not submitted" to the panel.  Not only did petitioner file claims for attorneys' fees and damages in its amended statement of claim – which arguably was wholly sufficient to submit the issue "for adjudication under circumstances which afforded the parties adequate notice," see Tri-Coast S.S. Co., 184 F. Supp. at 742 – but the parties also briefed, argued, and submitted exhibits regarding those claims.

Five of the eleven PowerPoint slides petitioner presented to the panel in opposing Merrill's motion to dismiss referenced these claims.  And at least two of the slides were wholly

---

[1] The parties are also required to pay an additional $400 for this service.

5

dedicated to them. For example, slide 6, entitled "Written Agreement," is solely concerned with demonstrating that petitioner has not waived his right to seek costs, fees, damages, and sanctions against Merrill for pursuing litigation in federal court. And Slide 11, entitled "Respondent Improperly Seeks Relief with 'Unclean Hands,'" is solely concerned with Merrill "deliberately withh[olding] Lawlor's arbitration agreement while misleading court that case 'not arbitrable'" – i.e., the very behavior upon which petitioner bases his claims for attorneys' fees, sanctions, and other damages.

Additionally, slide 5 discusses petitioner's breach of contract claims, which, according to the slide, he seeks as a result of Merrill's so-called "frivolous litigation to avoid FINRA." Slide 5 also describes petitioner's "Claims for Attorneys' Fees and Sanctions" as stemming from "frivolous litigation" in federal court. Of note, the text on slide 5 is accompanied by timeline graphics that are presented specifically to explain that these claims accrued in 2018, and are thus not barred by the six-year eligibility period under Rule 12206. And petitioner's briefing regarding the 12206 motion, which, as he concedes, "advised that the 2017 Federal Court Litigation claims, at a minimum, should not be dismissed pursuant to the pending Motion," speaks to the claims as well.

It is therefore clear that the issue of attorneys' fees and damages incurred in federal court litigation was submitted to the panel. To permit petitioner another opportunity to argue these claims after he had so clearly and substantively addressed them would be to vitiate the deference to arbitral awards required in this Circuit. See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).

Moreover, it is evident that the panel passed on the issue of attorneys' fees as a discrete matter, and did not mistakenly "decide the 2017 Federal Court Litigation Claims on the Rule

12206 Motion to Dismiss," as petitioner suggests. In its decision, the panel expressly acknowledged that petitioner had filed an amended statement of claim, adding claims for attorneys' fees, costs, expenses, and punitive damages. In addition, the panel not only awarded a dismissal of certain claims pursuant to Rule 12206 (Award item 1), but also dismissed "[a]ny and all claims for relief not specifically addressed" in the decision (Award item 3). Had the arbitration panel dismissed all of petitioner's claims pursuant to Rule 12206, it would not have had reason to dismiss the other claims on separate grounds, albeit summarily.

Nevertheless, petitioner argues that because the procedural device that led to the decision was Merrill's Rule 12206 motion, the decision itself could only properly address whether petitioner's claims were time-barred. This argument fails to recognize that one of the main benefits of arbitration is its embrace of efficient and practical decision-making, which often eschews procedural silos and ridged court rules. See Am. Almond Prods. Co., 144 F.2d at 451 ("[W]hen [parties] have adopted [arbitration], they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid."); see also Alexander v. Garner-Denver Co., 415 U.S. 36, 58 (1974) ("Indeed, it is the informality of arbitral procedure that enables it to function as an efficient, inexpensive, and expeditious means for dispute resolution."). The panel was entitled to address more than one issue in its decision. Therefore, without evidence that the arbitrators did not intend to efficiently dispose of all matters up for arbitration in its singular "Award," petitioner has failed to meet his burden of showing that the award should be modified. See Am. Almond Prods. Co., 144 F.2d at 450-51.

Nor does Merrill's agreement not to assert a waiver argument require a different result. Waiver was only *one* of the possible defenses that petitioner's claim was subject to. Indeed, the

7

agreement that petitioner cites in order to show that Merrill is precluded from arguing waiver also reflects the parties' understanding that "Merrill Lynch has not waived its right to object to and/or defend against" "the costs and fees incurred in all federal litigation or any sanctions or punitive damages related thereto."

There were thus alternative bases upon which the panel could have dismissed the additional claims. It may have thought the claim for frivolous litigation unacceptable when it also found that petitioner's original FINRA claims were filed more than six years after they accrued (unclean hands). Or perhaps it concluded that the Southern District action, although ultimately withdrawn, lacked sufficient bad faith to warrant an award. Both of these arguments, among others, were either raised or implied in the parties' submissions and presentations, and thus constituted fair game for the panel.

Finally, the Court declines petitioner's invitation to vacate or modify the award on the basis that the panel did not render an explained decision with regard to the Southern District claims. Petitioner argues that because the panel "dismiss[ed] all of Mr. Lawlor's claims pursuant to the [Rule 12206] Motion to Dismiss," it was bound to provide a written explanation, as that rule provides. He further contends that such a written explanation should be an "explained decision . . . stating the general reason(s) for the arbitrators' decision . . . address[ing] **all** the claims asserted by the parties" (emphases in petitioner's reply brief).

At the outset, and for the reasons explained above, the Court rejects petitioner's premise that the panel dismissed the petitioner's Southern District claims "pursuant to Rule 12206." There is no reasonable basis to suggest that the panel dismissed those claims under the first Award item – addressing the time-barred claims – when the third Award item clearly dismissed

"[a]ny and all claims for relief not specifically addressed" in the decision. Therefore, no written explanation for dismissing such "not specifically addressed" claims was required.

Moreover, petitioner appears to conflate the Rule 12206(b)(5) "written explanation" requirement with the FINRA Notice 09-16 "explained decision" provision. Only the latter affords the parties an explanation as to all of the claims before the panel. However, that provision is only applicable if the parties (1) submit a joint request for an explained decision at least 20 days before the first scheduled hearing date, and (2) pay the panel chairperson an "additional honorarium of $400." Because the record does not indicate that the parties properly sought such an explained decision prior to their first hearing date, the Court cannot disturb the panel's decision on that basis.

The foregoing is not to deny that the FINRA panel may have given petitioner's claim for attorneys' fees somewhat shorter shrift than would be ideal. But it is beyond this Court's discretion to hold that the panel's award should be modified just because it might have decided the matter differently. See James Richardson & Sons v. W.E. Hedger Transp. Corp., 98 F.2d 55, 57 (2d Cir. 1938). The award is thus final and binding.

## CONCLUSION

The petition to vacate or modify the arbitration award is denied. The Clerk is directed to enter judgment dismissing the petition.

**SO ORDERED.**

													_____
													U.S.D.J.

Dated: Brooklyn, New York
	November 22, 2019